# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2021

Lyle W. Cayce
Clerk

No. 19-40809
Summary Calendar

James Dinkins,

*Plaintiff—Appellant*,

*versus*

Frank Lara, *Warden*; Doctor Sreedhar Polavarapu, *Clinical Medical Doctor*; Stephen Henderson; Rebecca Mallet; Shane Salem; John Doe, *Chief of Psychology Department*; Shara Johnson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CV-504

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

James Dinkins, federal prisoner # 05235-748, filed a complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against Warden Frank Lara and other prison officials in which he raised a myriad of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

claims of inadequate medical care for his diabetes and other challenges to prison conditions. He appeals the district court's grant of the defendants' motions for summary judgment based on failure to exhaust administrative remedies.

We review the grant of summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Although Dinkins claims that prison officials impeded his ability to file grievances, he provides no support or evidence for that conclusional assertion that would refute the district court's finding regarding exhaustion. Based upon the record evidence detailing Dinkins's filing of grievances, the district court did not err in granting the defendants' motions for summary judgment for failure to exhaust administrative remedies. *See* 28 C.F.R. § 542.13; 28 C.F.R. § 542.14(a); 28 C.F.R. § 542.15(a), (b); *Dillon*, 596 F.3d at 266.

In addition, Dinkins argues that the district court erred in not reviewing his objections to the magistrate judge's report. However, the district court, while deeming the objections untimely, nevertheless reviewed them and determined that they were without merit.

Finally, Dinkins also challenges the district court's denial of his motions to appoint counsel. However, Dinkins's case did not present the type of exceptional circumstances that warranted the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). The district court thus did not abuse its discretion in declining to appoint counsel. *Id.*

AFFIRMED.